## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **GOLIGHT, INC.,** : | |
| : | |
| **Plaintiff,** : | **Civil Action No. _____** |
| : | |
| **v.** : | |
| : | |
| **LARSON ELECTRONICS, LLC,** : | **JURY TRIAL DEMANDED** |
| : | |
| **Defendant.** : | |
| : | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Golight, Inc. ("Plaintiff"), having its principal place of business at 37146 Old Hwy. 17, Culbertson, NE 69024, by and through its undersigned counsel and by way of Complaint against the defendant, hereby alleges and says:

### INTRODUCTION

1.     Plaintiff brings this action against Defendant Larson Electronics, LLC ("Larson" or "Defendant") to combat Larson's willful infringement of Plaintiff's exclusive rights under the trademark laws of the United States (15 U.S.C. § 1051, et seq.) and to remedy Larson's acts of infringement (pursuant to 15 U.S.C. §§ 1114 and 1125(a)(1)(a)), false advertising (pursuant to 15 U.S.C. § 1125(a)(1)(b)), unfair competition (15 U.S.C. §§ 1125(a)(1)(a) and trademark infringement under the common law of the state of Texas.

### JURISDICTION, VENUE AND PARTIES

2.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise, in large part, under the Lanham Act.  This

1

Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000. This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. §§ 1367.

3.     Plaintiff is a Nebraska corporation with its principal place of business at 37146 Old Hwy. 17, Culbertson, Hitchcock County, Nebraska 69024.

4.     Defendant Larson is, upon information and belief, a Texas Corporation duly registered to do business in the State of Texas and doing business in the State of Texas with its principal place of business located at 9419 E. US Hwy 175, Kemp, Kaufman County, Texas 75143. Citation may be served on the Defendant's registered agent, Controlling Factor at 11035 Jeanell Drive, Kemp, Texas 75143 or any other address and/or by any other lawful means.

5.     This Court has personal jurisdiction over Defendant, as Defendant has a principal place of business in this District. Defendant has also committed acts complained of herein in this District and conducts substantial business in this District through sales to consumers and potential consumers, including through Defendant's storefront at www.larsonelectronics.com. *See* Exhibit 2. Defendant regularly conducts business in this District and has availed itself of the laws of the state of Texas.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.


**FACTUAL ALLEGATIONS**

7.     Since at least as early as 1994, Plaintiff has been an industry leader in the field of lighting equipment, particularly permanently mounted and portable searchlights

2

and related area illumination systems.  Plaintiff's lighting products are utilized by customers throughout the United States, including on police and military vehicles, recreational watercraft, commercial boats, off-road vehicles, snow plows and several other types of vehicles.  Plaintiff maintains a website at www.golight.com.  *See* Exhibit 1.

8.      Plaintiff maintains no fewer than eleven registered trademarks encompassing Plaintiff's GOLIGHT, STRYKER, RADIO RAY, GOBEE, LED XTREME and other popular brands manufactured and sold by Plaintiff.  Plaintiff also has common law rights from the extensive use of its GOLIGHT trademark over the course of 28 years.

9.      Defendant is a distributor of a broad range of equipment, more specifically, lighting, hunting and boating equipment and vehicle equipment.  *See* Exhibit 2.

10.     In or around February 2011, Plaintiff entered into a license and distribution agreement with Defendant for the purpose of promoting, offering for sale and selling Plaintiff's products in the state of Texas.  The agreement included quality and brand control provisions, as well as an explicit license to use the trademarks and service marks owned by Plaintiff.  *See* Exhibit 3.

11.     During the course of the parties' agreement, and particularly during the last two years, Defendant violated Plaintiff's quality and brand controls, including by rebranding Golight's products and in many instances obscuring Golight's trademarks.  In addition, Defendant applied Golight's unique part numbers to non-Golight products it distributed.  Defendant also made claims to consumers and potential consumers that Defendant was the original manufacturer of the Golight products.

12.     Plaintiff notified Defendant of its violations on several occasions, including by written correspondence dated August 5, 2020.  *See* Exhibit 4.  Plaintiff also discovered,

in or about April 2021, that Larson had listed original Golight products for sale on www.amazon.com ("Amazon") and stated in those listings that Defendant, not Golight, was the manufacturer of the product.

13.     As Defendant's violations continued throughout 2021, Plaintiff sent a notice of termination of the license and distributor agreement to Defendant in August, 2021.  The license provided to Defendant expired on September 10, 2021.  Golight has provided no continuing authority or license to Defendant since the parties' agreement terminated.

14.     Following termination of the license, Defendant continued to list new and original Golight products on Amazon and its own website, www.larsonelectronics.com, in violation of Golight's intellectual property rights.  Certain listings were for other products distributed by Defendant, although the listings identified Golight as the source of the products.  *See* Exhibit 5.  Plaintiff sent a demand letter to Larson on September 17, 2021 notifying Defendant of the counterfeit products being offered for sale on Amazon.  *See* Exhibit 6.  Defendant's violations have continued without abatement since Plaintiff notified Defendant of the same.

15.     Following the September 17, 2021 demand letter, Plaintiff learned that Defendant was taking affirmative steps to remove authorized resellers of Golight products from Amazon, in part by claiming that Defendant was the brand owner and that the reseller did not have authority from Defendant to list Golight products for sale.  Golight and its authorized resellers were forced to take action to remedy this and other false claims made by Defendant.

16.     To this date, Defendant continues to list products that are not Golight products, although Defendant identifies them on its website as "Golight" products,

including by identifying specific brand names such as "Radio Ray" and "Stryker" in the product offering. *See* Exhibit 10. Plaintiff has notified Defendant of these continuing violations on numerous occasions over the past 6 months, and longer.

## COUNT I
### (Trademark Infringement)
### 15 U.S.C. §§ 1114 and 1125(a)(1)(a)

17.     Plaintiff repeats and reasserts each of the allegations contained in each of the foregoing paragraphs and incorporated them here as though fully set forth at length.

18.     Plaintiff has registered "GOLIGHT" with United States Patent and Trademark Office, which appears on the principal register as U.S. Registration Numbers 2,484,086 & 4,405,955 (the "GOLIGHT Mark"). *See* Exhibit 7 and 8. Plaintiff has also been awarded United States Trademark Registration No. 3,033,944 (the "STRYKER Mark"). See Exhibit 9.

19.     The GOLIGHT Mark and STRYKER Mark, which are owned exclusively by Plaintiff, are valid and subsisting trademarks in full force and effect.

20.     Defendant willfully and knowingly used and continues to infringe upon the GOLIGHT Mark and the STRYKER Mark in interstate commerce for purposes of selling lighting products bearing the GOLIGHT Mark and/or the STRYKER Mark, throughout the United States, without Plaintiff's consent.

21.     Defendant is not authorized to use the GOLIGHT Mark or the STRYKER Mark in any manner.

22.     Defendant's unauthorized sale of products bearing the GOLIGHT Mark and STRYKER Mark is likely to cause confusion, cause mistake, or deceive consumers.

Defendant's unauthorized sale of products bearing the GOLIGHT Mark and STRYKER Mark is also likely to cause confusion, cause mistake, or deceive consumers because it suggests that Defendant is somehow affiliated with or sponsored by Plaintiff.

23.     Defendant's unauthorized use of the GOLIGHT Mark and the STRYKER Mark has infringed upon and materially damaged the value of the GOLIGHT and STRYKER Marks, and has caused significant damage to Plaintiff and its business relationships.

24.     As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

25.     Plaintiff is entitled to recover its damages caused by Defendant's infringement of the GOLIGHT Mark and the STRYKER Mark, and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

26.     Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy of law for Defendant's infringement and, unless Defendant is permanently enjoined, Plaintiff will suffer irreparable harm.

27.     Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the GOLIGHT Mark and the STRYKER Mark.

**COUNT II**
**(False Advertising)**
**15 U.S.C. § 1125(a)(1)(b)**

28.     Plaintiff repeats and reasserts each of the allegations contained in each of the foregoing paragraphs and incorporated them here as though fully set forth at length.

29.     Defendant's advertisement and promotion of its products unlawfully using the GOLIGHT and STRYKER Marks has been disseminated to the relevant purchasing public.   Defendant's unauthorized use of the GOLIGHT and STRYKER Marks in advertising, and otherwise, infringes on the GOLIGHT and STRYKER Marks.

30.     Defendant has used, and continues to use, the GOLIGHT and STRYKER Marks to falsely advertise that the products and they sell, including false advertising that the products they sell are associated or affiliated with Plaintiff and/or are made and sold under the GOLIGHT and STRYKER Marks.   The products Defendant sells are not authorized for sale by Plaintiff.

31.     Defendant uses of the GOLIGHT and STRYKER Marks in connection with the unauthorized advertising, promotion, and sale of products bearing the GOLIGHT and STRYKER Marks misrepresents the nature, characteristics, qualities, and origin of Defendant's products because it suggests that the products are those of Plaintiff or are sold under the license from Plaintiff.

32.     Defendant's unauthorized use of the GOLIGHT and STRYKER Marks in connection with the unauthorized advertising, promotion, and sale of products bearing the GOLIGHT and STRYKER Marks is likely to cause confusion, cause mistake, or deceive

7

consumers because it suggests that Defendant is sponsored, authorized, or otherwise connected with Plaintiff.

33.     Defendant's unauthorized and deceptive use of the GOLIGHT and STRYKER Marks is material and likely to influence customers to purchase the products they sell, as consumers are likely to believe that products Defendant advertise using the GOLIGHT and STRYKER Marks are Plaintiff's products.

34.     As a proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

35.     Plaintiff is entitled to recover its damages caused by Defendant's infringement of the GOLIGHT and STRYKER Marks and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

36.     Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, Plaintiff will suffer irreparable harm.

37.     Plaintiff is entitled to enhanced damages and attorney's fees under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the GOLIGHT and STRYKER Marks.

**COUNT III**
**Unfair Competition**
**15 U.S.C. § 1125(a)**

38.     Plaintiff repeats and reasserts each of the allegations contained in each of the foregoing paragraphs and incorporated them here as though fully set forth at length.

39.     Defendant has willfully and knowingly used, and continues to use, the GOLIGHT and STRYKER Marks in interstate commerce for purpose of selling Defendant's product without Plaintiff's consent.

40.     The products Defendant advertises and sells bearing the GOLIGHT and STRYKER Marks are not authorized for sale by Plaintiff.

41.     The products Defendant advertises and sells bearing the GOLIGHT and STRYKER Marks do not abide by and interfere with Plaintiff's quality controls and/or requirements, as those products are materially different from Plaintiff's original and genuine products.

42.     Defendant's unauthorized advertisement and sale of products bearing the GOLIGHT and STRYKER Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant offers originate from Plaintiff and/or are of the same quality as the products originating from Plaintiff.

43.     Defendant's unauthorized advertisement and sale of products bearing the GOLIGHT and STRYKER Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Defendant is sponsored by, authorized by, or otherwise connected with Plaintiff.

44.     Defendant's unauthorized use of the GOLIGHT and STRYKER Marks has infringed upon and materially damaged the value of the GOLIGHT and STRYKER Marks and caused significant damage to Plaintiff's business relationship.

45.     As a proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, damages to its business, goodwill, reputation, and profits in an amount to be proven at trial.

46.     Plaintiff is entitled to recover its damages caused by Defendant's unfair competition, including infringement of the GOLIGHT and STRYKER Marks, and disgorge Defendant's profits from its willfully acts of unfair competition.

47.     Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, Plaintiff will suffer irreparable harm.

48.     Plaintiff is entitled to enhanced damages and attorney's fees under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the GOLIGHT and STRYKER Marks.

**COUNT IV**
**(Trademark Infringement)**
**Common Law**

49.     Plaintiff repeats and reasserts each of the allegations contained in each of the foregoing paragraphs and incorporated them here as though fully set forth at length.

50.     Defendant's acts, as described above, have caused and are likely to cause confusion or mistake or to deceive customers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's goods, services or commercial activities in violation of the common law of Texas.

51.     Defendant's acts of infringement have caused both irreparable harm and monetary damages to Plaintiff in an amount that cannot be ascertained at this time. Still, monetary damages alone are not adequate to fully address Defendant's infringement.

52.     Defendant's acts of infringement and unfair competition in Texas have been willful and undertaken with the specific intent to misappropriate the goodwill and reputation associated with Plaintiff and its products.

53.     As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendant as follows:

1.     Declaring that both the GOLIGHT Mark and the STRYKER Mark is protectable and infringed by Defendant;

2.     Declaring that Defendant has infringed U.S. Trademark Registration No. 2,484,086;

3.     Declaring that Defendant has infringed U.S. Trademark Registration No. 4,405,955;

4.     Declaring that Defendant has infringed U.S. Trademark Registration No. 3,033,944;

5.     Declaring that Defendant's infringement was knowing, intentional, and willful;

6.     Issuing temporary, preliminary, and permanent injunctions enjoining Defendant, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from:

A.     using the "GOLIGHT" name and/or the "STRYKER" name (including in connection with the promotion, marketing, advertising, and sale of products), any colorable imitation thereof, or any otherwise confusingly similar mark;

B.     engaging in any other act or thing likely to confuse, mislead or deceive others into believing that Defendant, or its products, are connected with, sponsored by or approved by Plaintiff; and

C.     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights in and to the GOLIGHT and STRYKER Marks.

7.     Ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing or using the GOLIGHT or STRYKER Marks, or any colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered to Plaintiff for destruction pursuant to 15 U.S.C. § 1118;

8.     Ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Plaintiff's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

12

9.      For an accounting of all profits derived from Defendant's infringement of Plaintiff's GOLIGHT and STRYKER Marks, at Defendant's expense;

10.     For disgorgement of all revenue and profits from Defendant's unlawful conduct, including an award of damages available under 15 U.S.C. §§ 1117 and 1125, and further including for Defendant's willful violation of § 43(a);

11.     For an award of Plaintiff's attorneys' fees and costs incurred in this action;

12.     For pre- and post-judgment interest;

13.     For an award of costs as the prevailing party; and

14.     For any and all other relief that the Court deems just.

## JURY DEMAND

Plaintiff Golight, Inc. demands a Jury Trial on all issues so triable.

Respectfully submitted,

FISHER BROYLES, LLP

By:   /s/ Ryan T. Beard
Ryan T. Beard
Texas Bar No. 24012264
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Telephone: (512) 577-2673
Email: ryan.beard@fisherbroyles.com

*Attorneys for Plaintiff Golight, Inc.*

14